# UNITED STATES DISTRICT COURT

for the

District of Columbia

Case: 1:24-cv-03040
Assigned To : Boasberg, James E.
Assign. Date : 10/24/2024
Description: Pro Se. Gen. Civ. (F-DECK)

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
Margaret A Lyons
William A Lyons

-v-

*Defendant(s)*

New York State Department of Financial Services,

Federal National Mortgage Association "Fannie Mae"

Town of Orangetown, NY,

JP Morgan Chase Bank N.A.,

Capital One Home Loans, LLC,

Countrywide Bank N.A.,

Bank of America N.A.,

EverBank,

Additional Defendants on Separate Sheet

**COMPLAINT AND REQUEST FOR INJUNCTION**

**RECEIVED**

OCT 24 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**I.    The Parties to This Complaint**

Page 1 of 9

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Margaret A Lyons & William A Lyons |
| Street Address | 556 N RTE 17, STE 5, PMB 117 |
| City and County | Paramus, Bergen County |
| State and Zip Code | New Jersey, 07652 |
| Telephone Number | (732)819-5831 |
| E-mail Address | will.a.lyons@icloud.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | New York State Department of Financial Services |
| Job or Title *(if known)* | |
| Street Address | 1 Commerce Plaza |
| City and County | Albany |
| State and Zip Code | New York, 12257 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Federal National Mortgage Association "Fannie Mae" |
| Job or Title *(if known)* | |
| Street Address | 1100 15th Street NW |
| City and County | Washington |
| State and Zip Code | District of Columbia, 20005 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

|  |  |
|---|---|
| Name | Town of Orangetown, New York |
| Job or Title *(if known)* |  |
| Street Address | 26 West Orangeburg Road |
| City and County | Orangeburg, Rockland County |
| State and Zip Code | New York, 10962 |
| Telephone Number |  |
| E-mail Address *(if known)* |  |

Defendant No. 4

|  |  |
|---|---|
| Name | JP Morgan Chase Bank N.A. |
| Job or Title *(if known)* |  |
| Street Address | 270 Park Avenue |
| City and County | New York, New York County |
| State and Zip Code | New York, 10017 |
| Telephone Number |  |
| E-mail Address *(if known)* | Additional Defendants on Separate Sheet |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties    is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of      another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a      diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

Federal question X                     Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. **18 U.S.C. § 241, 18 U.S.C. § 1956, 18 U.S.C. § 96**

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**B. If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, _____, are citizens of the State of _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____

    and has its principal place of business in the State of *(name)* _____

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign* _____

    b. If the defendant is a corporation

    The defendant, _____, is incorporated the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

    Or is incorporated under the laws of *(foreign nation)* _____

    and has its principal place of business in *(name)* _____

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

### III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur?

        Several States (New York, Florida, North Carolina, New Jersey, etc.)

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

        July 2006 - Present Day

    C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Plaintiff (Margaret A Lyons) held deposits at various institutions in the period January 1st, 2005-Present.

1. William M Lyons and Plaintiff (Margaret A Lyons) received the proceeds of a house sale conducted in June 2012, the check in question was issued by JP Morgan Chase Bank N.A; at closing the check was unsigned despite the closing being administered by Richard Finning, Town Justice, Orangetown, NY..

2. Then occuring in December 2012 Ralph and Janet Iorio first missed a payment on their mortgage for a primary residence located at 7 Regina Court, Blauvelt, NY. No payments have been made on this mortgage note since to the present day.

   Mortgage Note Information

Instrument #: 2006-00042323, State of New York, County of Rockland

3. In the 11+ Calendar Year Period where no payments have been made, the mortgage note has been transferred several times via "Assignments of Mortgage". (See Exhibit 1)

4. It is the Plaintiff's position that the transfers of assignment of the mortgage note have been made to match the institutions where she had deposits.

5. Additionally the County of Rockland, NY has removed all residential foreclosure cases from the New York State Courts website, this not only deprives the public and community from their right to know about events surrounding cases, it also gives the county government greater ability to hold public matters to themselves. (See Exhibit 2)

Details of Allegation

- Plaintiff held deposits at Countrywide Bank at a time in the calendar year period 2005-2007

- Plaintiff held deposits at Capital One Bank at a time in the calendar year period 2006-2010

- Plaintiff held deposits at EverBank at a time in the calendar year period 2012-2015

- Plaintiff held an annuity being administered by SE2, LLC from September 2021-September 2024, the plaintiff was not aware that the annuity contract which is owned by USAA would be administered by a third-party until after the contract was entered into; had this material fact had been disclosed Ms. Lyons would not have entered into the contract SE2,LLC utilizes JP Morgan Chase Bank for its transactions. (See Exhibit 3)

MORE FACTS ON ADDITIONAL PAGES

## IV.   Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Monetary damages at a later time would not adequately compensate me for the injuries I'm currently sustaining directly because the Plaintiff's insistence to monitor and enter into my financial transactions is more easily attainable when I'm unhoused and left to complete my financial interactions in the open public. Every single day I'm unhoused as a result of this activity that has been inflicted onto onto our household is a day I cannot improve my situation and self. Also, several police departments are aware of this situation and are left unamused as to the behavior by employers/defendants to cause and further escalate this situation.

In this injunction the plantiff's are demanding immediate housing paid for by the defendants for the duration of the case, Mr. Lyons is being prevented from any wage employment due to defendants actions, the defendants are actively forcing him to complete undue work for private-equity owned entities because of the status of Ms. Iorio's mortgage note.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include     the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any  punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or  punitive money damages.

Plaintiffs request compensatory damages including general and special damages as well as emotional distress in the amount of over $6,000,000.

As stated previously, Dr. Grasso is responsible (as settled in the court of law) for the injuries sustained to and loss of enjoyment of Ms. Iorio and her daughter. The government-appointed and note holding defendants have engaged in these harassing activities for almost two decades, altering outcomes in my household (living situation, careers, financial security) for the benefit of someone who has already received a large settlement from a medical malpractice case. this has deprived Mrs. Lyons of the enjoyment of her own funds, altered outcomes as stated previously and closed opportunities for Mr. Lyons to support the household. It is not the plaintiff's responsibility to provide for or make any institution whole for any losses as a result of the note they agreed to hold as creditor with Mr. And Ms. Iorio as debtor, and The State of New York as property location/ jurisdiction.
Actual Damages: $2,000,000
Punitive Damages: $4,000,000

Ansira Partners Inc. owned by Advent International L.P. hired Mr. Lyons, concealing the financial distress of the firm throughout his candidacy, then made several changes to his pay structure, making it extremely difficult for any landlord to discern any employer credibility from the paystubs; as a result Mr. and Mrs. Lyons have been left without housing for over twenty months still continuing at the present time; a disgusting, disgraceful, and unacceptable outcome, Mr. Lyons would never have signed any agreement with the firm if the true financial crisis inside the organization was disclosed at any point during his candidacy (including the "Employment Offer"). The inability of the firm to pay the required New Jersey Unemployment Taxes on-time and later accost Mr. Lyons by phone to pay the Employer-Required Taxes, in addition to being unable to return the employer's equipment to FedEx due to the firm's Insufficient Funds/Nonpayment with FedEx Corporation clearly demonstrates punitive damages are necessary as this employment relationship was a blatant act to sabotage Mr. Lyons' wage-earning career as the firms continually harassed him regarding opportunities and it's own financial inability and insecurity with no legitimate business purpose to Mr. Lyons whatsoever.
Actual Damages: $92,083.33 and Counting (As of October 26, 2024)
Punitive Damages: $184,166.67 and Counting (As of October 26, 2024)
Mr. Lyons also received no Bonus/Merit Payment in the Year 2023.

We've experienced significant actual damages and physical harm as a result of the defendants actions, additional relief can be granted by the court if deemed appropriate.

Both sides can pay their own costs resulting from this action.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information,   and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause   unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable   opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

be

I agree to provide the Clerk's Office with any changes to my address where case–related papers may served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Date of signing: 10/24/2024

Signature of Plaintiff  *Margaret-Ann Lyons*    *William A Lyons*
Printed Name of Plaintiff  Margaret-Ann Lyons    William A Lyons

**B.**  **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Full List of Parties

- Plaintiff (Margaret A Lyons) does not have a residential address, she can be reached at her personal mailbox 556 N RTE 17, Paramus, NJ, 07652
- Plaintiff (William A Lyons) does not have a residential address, he can be reached at his personal mailbox 556 N RTE 17, Paramus, NJ, 07652
- Defendant (New York State Department of Financial Services) is located at 1 Commerce Plaza, Albany, NY, 12257
- Defendant (Federal National Mortgage Association "Fannie Mae") is located at 1100 15th Street NW, Washington, DC, 20005
- Defendant (Town of Orangetown, NY) is located at 26 West Orangeburg Road, Orangeburg, NY, 10962
- Defendant (JP Morgan Chase Bank N.A.) is located at 270 Park Ave, New York, NY, 10017
- Defendant (Capital One Home Loans, LLC) is located at 1680 Capital One Drive, McLean, VA, 22102
- Defendants (Countrywide Bank N.A., and Bank of America N.A.) are located at 100 North Tryon Street, Charlotte, NC, 28255
- Defendant (EverBank) is located at 301 West Bay Street, Jacksonville, FL, 32202
- Defendant (U.S. Bank N.A.) is located at 60 Livingston Ave, Saint Paul, MN, 55107
- Defendant (County of Rockland, NY) is located at 11 New Hempstead Rd, New City, NY, 10956
- Defendant (Lone Star Funds) is located at 6688 North Central Expressway, Suite 1600, Dallas, TX, 75206
- Defendant (SE2, LLC) is located at 5801 SW 6th Avenue, Topeka, KS, 66636

- Defendant (Advent International, L.P.) is located at 800 Boylston Street, Boston, MA, 02199
- Defendant (Ansira Partners Inc.) is located at 2300 Locust Street, Saint Louis, MO, 63103
- Defendant (Audrey McKasy) is located at 3618 SW Kenyon St, Seattle, WA, 98126

Facts (Cont.)

6. It is the plantiff's (Margaret A Lyons) position that JP Morgan Chase Bank, N.A. Is engaged in harassing her due to several instances of concerning behavior by the institution.

    Details of Allegation

- At a time in the calendar year period 2006-2011 the plaintiff had deposits at the institution, these deposits were originally held by Washington Mutual, Inc. and were taken over by defendant as a result of the 2008 Financial Crisis.
- Ms. Lyons intended to withdraw her funds from the institution at a point in the calendar year period at a branch located in Northvale, NJ.
- When Ms. Lyons communicated her intention of withdrawing her funds to the institution's personnel, the employee refused to issue any form of a Cashier's Check or Certified Funds after several requests by Ms. Lyons during her visit to the branch that day.
- The institution's personnel became so belligerent Ms. Lyons had to call the Northvale, NJ Police Department. It was only after police arrived that Ms. Lyons would receive her Cashier's Check/Certified Funds made out to everyone on the account as Ms. Lyons expected when she first entered the branch.

- In Summer 2014, Plaintiff (Margaret A Lyons) along with her husband purchased a home in Charlotte, North Carolina. The mortgage was brokered by Allen Tate Mortgage. When approaching closing it was communicated to both purchasers that the mortgage would be purchased by a Credit Union in the Midwestern United States after closing. When the plaintiff was sitting at closing with her then husband, it was only then communicated that the mortgage would be purchased by JP Morgan Chase Bank, N.A. The attorney working the transaction when asked stated that the institution "really wanted to purchase the mortgage note", it was a insignificant amount (~$80,000), it is not understood why the note would be of such importance to the institution to say the least.
- In January 2017, Plaintiff (Margaret A Lyons) along with her husband purchased a home in Winter Garden, Florida. This home was a cash purchase, at closing funds were disbursed to JP Morgan Chase Bank, N.A., Water Street, New York, NY. As the months after the purchase went by, the plaintiff noticed that no invoice was issued by the Orchard Hills Homeowners Association to her residence for succeeding quarterly HOA payments. In April-May 2017, when the community's management company (FirstService Residential) was contacted, they stated that no account had been created for her residence and that it was the responsibility of the professionals handling the transaction to notify FirstService that an account needed to be created for the property. In the State of Florida it is lawful for a Homeowners Association to foreclose on a property that is delinquent on Homeowners Association Dues (Chapter 720 of Florida Statutes) also a homeowners association may suspend your member rights to common areas and amenities within the community and may even charge additional fees for each day assessments are in default. Upon the sale of the home in October 2020, the closing notary specifically asked why Ms. Lyons does not bank with JP Morgan Chase.

7. In August 2021, Ms. Lyons opened an annuity at Fidelity Investments (Boca Raton, FL), during the process of completing the application for a fixed product, an individual from the New York City Metropolitan Area called the financial professional (John Petrison) to ask Ms. Lyons whether she would enter into a variable annuity; Ms. Lyons said No, as she was not interested in that type of risk exposure, then in an electronic questionnaire Ms. Lyons was asked if she was related to Janet Iorio; Ms. Lyons said Yes as she is her sister, however she has not had contact with Ms. Iorio in 30 Years, the questionnaire stated it was for "identity verification", however it did not ask any questions regarding any other relatives or her relationship with her former husband. This concerned Ms. Lyons as she has had to file court cases in the past against Ms. Iorio (that later had to be settled) for thefts and schemes that were committed against Ms. Lyons, additionally Ms. Lyons had a litany of other troubles with Ms. Iorio, (Seized Ms. Lyons grandmother's belongings slated to be distributed to her exclusively). Ms. Iorio had a child in 1990 who's spinal cord was broken as a result of a forceps delivery at the hands of Dr. Armand Grasso, MD. Ms. Iorio later received a large settlement to compensate for the damages caused.

8. In December 2022-March 2023 Mr. Lyons applied to the following housing complexes:

Parc at Roxbury, Ledgewood, NJ

The Metropolitan Downtown Columbia, Columbia, MD

The Glades at Hamilton Greene, Mays Landing, NJ

The Village at Voorhees, Voorhees, NJ

Mr. Lyons provided his employment offer letter and all income statements available, all three complexes refused to approve Mr. Lyons' application for housing despite him clearly satisfying the income requirements to the Columbia, MD, Mays Landing, NJ, and Voorhees, NJ units.

8. Prior to applying for these units, Plaintiffs resided in Frisco, Texas; Mr. Lyons applied to hundreds of positions in the local Dallas-Fort Worth, TX Metroplex, the only firm that would consider hiring him was on his 425th application, an Advent International, L.P. held marketing agency based in Saint Louis, MO (Ansira Partners Inc.). This agency only expressed interest immediately after Mr. Lyons had left the residence in Frisco, Texas on December 6, 2022. The agency hired Mr. Lyons despite being delinquent on its covenant debt obligations by five months. Later the agency would refuse to pay required New Jersey Unemployment Taxes and be sued by its landlord for unpaid rent. Concurrently, the mortgage note instrument referenced in Paragraph 2 was owned by Lone Star Fund (Dallas, TX) and JP Morgan Chase operates a substantial division of its United States operations less than three miles away (Plano, TX).. Also, Mrs. Lyons' annuities from September 2021-September 2024 were administered in Des Moines, IA and Topeka, KS; as a result Mr. Lyons is extremely concerned his employment is only being considered as a regional pay-for-play scheme with the administrators. Sixty-five weeks after terminating Mr. Lyons another Advent International, L.P. Subsidiary, Tredence, contacted Mr. Lyons stating they have an amazing opportunity for him, and asking if he was interested. As he has stated publicly, he is seeking opportunities in Data Science/Analytics.

9. On June 16, 2023 Ms. Lyons made a withdrawal request to on her USAA annuity (Administered by Zinnia/SE2). The administrator stated on several occasions in Early July 2023 (4th-10th) that she would be receiving the funds within two business days. the funds were finally disbursed on July 21, 2023 over one month after the funds were requested.

10. In Late July 2024, Ms. Lyons expressed her intentions to complete a 1035 Exchange on an annuity she held for three years at its expiration. During their first discussion outside her office, the financial professional Kelli Brack (Edward Jones, Marlton, NJ) stated rates were high and now would be a good time to renew an

annuity; an appointment was scheduled in their electronic system with Ms. Lyons' identifying information for July 30, 2024. Upon arriving at the appointment on the scheduled date and time, Ms. Brack then proceeded to insist Ms. Lyons take out Certificates of Deposit only, despite CDs having several tax and other disadvantages considering Ms. Lyons' age and other factors.

11. During this period Ms. Iorio had a relationship with Debbie Ramsay, Ms. Ramsay is the daughter-in-law of Former Judge Richard Ramsay,

## CLAIMS

## CLAIM I

(18 U.S.C. § 241, Conspiracy Against Rights and Claims)

21. Plaintiff realleges Paragraphs 1 through 11 of Facts Underlying Case
22. By doing the acts described in Paragraphs 1 through 11 of Facts, most notably Paragraph 6, Defendants inflicted a conspiracy on Mrs. Lyons. Specifically, JP Morgan Chase entered into transactions involving Mrs. Lyons then in certain instances fraudulently claimed to have paid invoices directly occurring from the transaction when an account had not been created. Additionally, defendant's conduct is severe and pervasive enough that a reasonable person would consider the conduct to be harassing, intimidating, hostile, and abusive.

## CLAIM II

(18 U.S.C. § 1956, Laundering of Monetary Instruments)

23. Plaintiff realleges Paragraphs 1 through 11 of Facts Underlying Case
24. By doing the acts described in Paragraphs 1 through 11 of Facts, a reasonable person would conclude that the defendants are executing a scheme using Mrs. Lyons' funds to finance the mortgage note's escrow account (including property taxes, insurance, etc.) on behalf of Ms. Iorio. The harassment of Ms. Lyons

during the execution of her financial transactions has a clear and direct purpose, to deprive Mr. and Ms. Lyons of their rights and cause the destruction of their finances to the direct benefit of the holders of the mortgage note and the Town of Orangetown, NY as well as the indirect benefit of Ms. Iorio.

## CLAIM III

(18 U.S.C. § 96, Racketeer Influenced and Corrupt Organizations)

(Frauds and Swindles: Employment Fraud in the Inducement)

21. Plaintiff realleges Paragraphs 1 through 11 of Facts Underlying Case
22. By doing the acts described in Paragraphs 1 through 11 of Facts, Defendants (Advent International, L.P./Ansira Partners Inc.) have conducted an illicit influence campaign on Mr. Lyons' household. The defendants inflicted a fraud on Mr. Lyons. Specifically, Ansira Partners Inc. and Audrey McKasy tricked Mr. Lyons into signing an agreement to his disadvantage by using fraudulent statements and representations, and omitting crucial material information regarding the organization's ability to conduct itself under the agreement. These actions were specifically designed to damage Mr. Lyons career prospects so thereafter Tredence, another Advent International L.P. subsidiary could later contact Mr. Lyons after he's been left with no wage income for 65 Weeks; any disciplinary action taken by the defendants during Mr. Lyons' employment with the organizations has no remaining shred of legitimacy because as the defendants have indicated, they would love to have Mr. Lyons back for an "amazing opportunity", the defendants engaged in activity that held no legitimate business purpose to damage Mr. Lyons' financial prospects.