UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARET LYONS and WILLIAM LYONS,

  Plaintiffs,

  v.

NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, *et al.*,

  Defendants.

Civil Action No. 24-3040 (JEB)

## MEMORANDUM OPINION

Plaintiffs Margaret Lyons and William Lyons filed this *pro se* suit that offers a mishmash of odd allegations spanning a couple of decades against fourteen different Defendants, many of which are financial entities. Defendants have now filed separate Motions to Dismiss, raising myriad deficiencies in the Complaint. As the suit is indeed facially infirm, the Court will grant all Motions and dismiss the case.

**I.  Background**

The Complaint's factual allegations are hard to characterize, but a sampling of their content should suffice. To begin, the misdeeds allegedly occurred from 2006 to the present in "New York, Florida, North Carolina, New Jersey, etc." See ECF No. 1 (Compl.) at 5. There is a mention of a house sale by Plaintiffs (whose relationship by blood or marriage is unspecified) in 2012 and then a failure to make mortgage payments by the buyer, although it is unclear to whom such payments were due. Id. at 6. The Lyonses are also unhappy that the county of Rockland, New York, removed information about residential-foreclosure cases from its website. Id. Plaintiffs mention that they are "unhoused," which is causing them distress. Id. at 7. A "Dr.

Grasso" is allegedly responsible for injuries to a third party, Janet Iorio, who is Margaret Lyons's sister and may have been the buyer of the Lyonses' residence. Id. at 8, 13. William Lyons was apparently employed by Defendant Ansira Partners for a time, and there was some issue regarding his unemployment taxes. Id. at 8, 14.

The Complaint subsequently alleges that Defendant J.P. Morgan Chase has been harassing Margaret Lyons as a result of an account it took over in 2008. Id. at 11. She apparently had difficulty withdrawing funds on one occasion. Id. There were also purchases of residences by Margaret Lyons and her husband (William?) in 2014 in North Carolina and in 2017 in Florida. Id. at 12. William Lyons was also turned down for residency at a number of housing complexes, and he was also rejected for multiple jobs to which he had applied in Texas. Id. at 13–14. Even the most careful reader will search in vain for a common thread to tie these grievances together.

Three counts are specifically alleged, although it is unclear which counts are directed at which Defendants: criminal conspiracy targeting Margaret Lyons only and perpetrated largely by J.P. Morgan Chase under 18 U.S.C. § 241 (Count I); criminal laundering of monetary instruments under 18 U.S.C. § 1956 (Count II); and criminal Racketeer Influenced and Corrupt Organizations actions taken specifically by Ansira and Defendant Advent International, L.P. under 18 U.S.C. § 96 (Count III). Id. at 15–16.

Defendants have now filed ten separate Motions to Dismiss. See ECF Nos. 7, 15, 21, 25, 28, 54, 56, 59, 66, 72.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." Although "detailed factual

allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In evaluating a motion to dismiss, courts must "treat the complaint's factual allegations as true, and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation omitted) (citing Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). The court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Finally, even at the Rule 12(b)(6) stage, a court can review "documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which the plaintiff's complaint necessarily relies." Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks and citations omitted).

### III. Analysis

It is unfortunate that so many Defendants had to expend the resources to file so many motions to dismiss (as opposed to merely joining others), but many understandably felt that it was better to be safe than sorry. Some raised presumably meritorious procedural issues, but in

the interests of not lingering further on a case that has consumed too much time already, the Court can quickly dispatch the suit because Plaintiffs have not stated any viable claim.

To begin, all three counts invoke criminal statutes (for conspiracy, money laundering, and RICO — although Plaintiffs cite the wrong statute for RICO), but it is axiomatic that such statutes do not provide a basis for a civil action. See, e.g., MacTruong v. Salierno, 2024 WL 1231246 at *1 (D.C. Cir. 2024) (citing Crosby v. Catret, 308 F. App'x 453, 453 (D.C. Cir. 2009) (stating that there is no private right of action under 18 U.S.C. § 241); Lee v. USAID, 859 F.3d 74, 77–78 (D.C. Cir. 2017) ("[T]he express provision of a criminal penalty . . . in a bare criminal statute, with no other statutory basis for inferring that a civil cause of action exists, is insufficient to imply Congress intended to create a concomitant civil remedy.") (cleaned up)).

It is certainly true that one could label the claims as ones for civil conspiracy or civil RICO, but Plaintiffs have not opted to do so here. Even if the Court so construed their pleading, it would still fall far short. As to conspiracy, Plaintiffs conclusorily allege that "Defendants inflicted a conspiracy on Mrs. Lyons." Compl. at 15. This is not enough. Their further allegations that "[s]pecifically, JP Morgan Chase entered into transactions involving Mrs. Lyons then in certain instances fraudulently claimed to have paid invoices directly occurring from the transaction when an account had not been created," id., not only do not make sense, but they also do not allege any kind of agreement to perpetrate a wrong, which is at the heart of a civil-conspiracy claim. See Johnson v. Metropolitan Direct Property & Casualty Ins. Co., 2018 WL 4964504, at *5 (D.D.C. 2018) ("In the District of Columbia, '[t]o establish a *prima facie* case of civil conspiracy, [a plaintiff] ha[s] to prove (1) an agreement between two or more persons (2) to participate in an unlawful act, and (3) an injury caused by an unlawful overt act performed by

4

one of the parties to the agreement pursuant to, and in furtherance of, the common scheme.'") (cleaned up).

The elements of a civil RICO violation, conversely, are "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." Salinas v. United States, 522 U.S. 52, 62 (1997). In addition, to succeed on a civil RICO claim, a plaintiff must show proximate cause — *i.e.*, "that a RICO predicate offense not only was a but for cause of his injury, but was the proximate cause as well." Hemi Grp, LLC v. City of N.Y., N.Y., 559 U.S. 1, 9 (2010) (internal quotation marks and citations omitted). The Lyonses here have not pled what the enterprise is or what the pattern of racketeering activity is. As a result, they are out of luck on this claim as well.

## IV.    Conclusion

The Court will accordingly grant all of the Motions to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: January 10, 2025